In the matter of the estate of SUSAN QUINN, deceased.

[Submitted October 2d, 1922. Decided October 5th, 1922.]

Under *P. L. 1917 p. 844*, where a wife died intestate, seized of property inherited from her husband, this property would go to her heirs, as a husband is not an ancestor of his wife.

––––––

On appeal from assessment transfer tax.

*Mr. William M. Clevenger,* for the appellants.

*Mr. Thomas F. McCran,* attorney-general, for the respondent.

LEAMING, VICE-ORDINARY.

This is an appeal from an assessment of a transfer inheritance tax assessed by the comptroller under our statute. The controversy involves a construction of our Descent act.

November 5th, 1918, Susan Quinn died intestate as to certain real estate, leaving her surviving two first cousins as her heirs-at-law. This real estate was acquired by her by devise from her husband, who had acquired it by purchase. At the death of Mrs. Quinn there were persons in being of the blood of the deceased husband capable of inheriting and who now claim the inheritance. The sole controversy is as to whether at the death of Mrs. Quinn the title to that real estate vested in her heirs or in the heirs of her deceased husband.

The solution of this inquiry is to be found in the sixth section of our Descent act as contained in the amendatory act of March 29th, 1917. *P. L. 1917 p. 844.* By the plain terms of that section the title vested in the two cousins of Mrs. Quinn at the time of her death unless the facts above stated bring the case within the exception contained in that

*94 N. J. Eq.* In re Quinn.

section which relates to estates received by descent, devise or gift from an ancestor of the intestate, in which latter case the title vested in the heirs of the deceased husband. That exception is as follows:

"Unless where such inheritance came to the said person so seized by descent, devise or gift of some one of his or her ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance, if there be any person or persons in being, although more remote, and however remote, of the blood or half blood of such ancestor capable of inheriting the said lands, tenements or hereditaments."

The controversy thus resolves itself into the single inquiry whether real estate purchased by a husband and by him devised to his wife can be said to have come to the wife by devise or gift of some one of her ancestors. If the husband of Mrs. Quinn was not her "ancestor" within the meaning of the statute the title to the land in question passed to her two cousins at her death, and the assessment which was made by the comptroller on that theory must be affirmed. The claim that the heirs of the husband will take from him as a "first purchaser" under the common law canon of descent is clearly in conflict with the plain terms of our act.

I think it entirely clear that in a statute of this nature a husband cannot be regarded as an ancestor of his wife. There is between them neither blood relationship nor statutory or other right of either to inherit from the other. See authorities collected in *2 C. J. 1334; 18 C. J. 818; 2 Am. & Eng. Encycl. L. (2d ed.) 319* and *14 Cyc. 28, 47.*

I will advise a decree dismissing the appeal.