MARY DALE, JOSEPHINE TOFANELLI, JOSEPH MORAN, MARGARET GRIFFIN, ANNIE SHANLEY, AGNES Mc-GRATH AND CATHERINE McCARTHY, PLAINTIFFS, v. MARY C. CONNOLLY AND JOSEPHINE SCHROTH. DE-FENDANTS.

Decided March 17, 1932.

For the plaintiffs, *John J. McDonough*.

For the defendants, *Joseph B. Gallagher*.

ACKERSON, C. C. J.   This is an action in ejectment and comes before me for trial without a jury upon an agreed statement of facts from which it appears that William J. Ryan, Sr., and Sarah Ryan, his wife, as tenants by the entirety, acquired title in fee-simple to the premises in question by deed dated May 22d, 1888. Said Ryan died intestate, a resident of this state in May, 1890, leaving him surviving his said wife, Sarah Ryan, and one son, William J. Ryan, Jr. Sarah Ryan died intestate, a resident of this state on January 1st, 1915, leaving her surviving one son, the said William J. Ryan, Jr., who thereupon became seized of the premises in question. Said William J. Ryan, Jr., died intestate, a resident of this state, on or about September 9th, 1929, leaving no wife, child or children, brothers or sisters, or issue of any brothers or sisters, father or mother.

The said William J. Ryan, Jr., was survived, however, on his father's side by Mary Daly, a first cousin and Josephine Tofanelli, Joseph Moran, Margaret Griffin, Annie Shanley,

Agnes McGrath and Catherine McCarthy, all second cousins and all parties plaintiff herein. The said William J. Ryan, Jr., was also survived on his mother's side, by Mary C. Connolly, a first cousin, and by Josephine Schroth, a second cousin, who are the defendants in this action.

The seven plaintiffs claim that they, and the two defendants are each entitled to an undivided one-seventh interest in the premises in question, as the heirs-at-law of the said William J. Ryan, Jr. The defendant, Mary C. Connolly, however, claims that she is the sole owner in fee-simple of the whole premises because it is claimed that title thereto came to the said William J. Ryan, Jr., by descent from his mother, and that as the plaintiffs are not of her blood they are excluded from the inheritance and as the defendant Josephine Schroth is not of equal degree of consanguinity with the said Connolly, the former cannot inherit. The defendant Josephine Schroth does not dispute the claim of said Mary C. Connolly, but insists that if such claim is not sustained, that then she, Josephine Schroth, is entitled to her proportionate share of said premises.

The solution of this problem is to be found in section 6 of our "Descent act" (1 *Cum. Supp. Comp. Stat., p.* 939), the pertinent part of which provides as follows:

"When any person has or shall die hereafter, seized of any lands, tenements or hereditaments as aforesaid, without devising the same in due form of law, and without lawful issue, and without leaving a brother or sister, of the whole blood or half blood, or the issue of any such brother or sister, and without leaving a father or mother, capable of inheriting under this act the said lands, tenements or hereditaments, and shall leave several persons, either of the whole or half blood, all of equal degree of consanguinity, although more remote than any person or persons who may be expressly excluded by any provision of law, to the person so seized, the said lands, tenements and hereditaments shall then descend of consanguinity either of the whole or half blood, to the person so seized, as tenants in common, in equal parts, however remote from the person so seized the common degree

of consanguinity may be, and whether of the whole or half blood, *unless where such inheritance came to the said person so seized by descent, devise or gift of some one of his or her ancestors, in which case all those who are not of the blood of such ancestor shall be excluded from such inheritance,* if there be any person or persons in being although more remote, and however remote, of the blood or half blood of such ancestors capable of inheriting the said lands, tenements or hereditaments."

The fundamental question presented is whether title to the premises in question vested in said Mary C. Connolly, first cousin of William J. Ryan, Jr., deceased, through the blood of his mother, Sarah Ryan, to the exclusion of Mary Daly, first cousin of said William J. Ryan, Jr., deceased, through the blood of his father, William J. Ryan, Sr.?

The answer to this question depends largely upon who is meant by "such ancestor" in the foregoing section of the "Descent act," from whom the inheritance must come by "descent, devise or gift" to the person dying seized, in order to exclude those collateral heirs of equal degree of consanguinity who are not of the blood of such ancestor. Fortunately our courts have heretofore answered this question and it is now definitely settled that the words "such ancestor" used in the above quoted section clearly means and are exclusively confined to the ancestor from whom the lands came immediately to the person dying seized, and do not embrace other or more remote ancestors, although the lands may have passed from or through such ancestors to the immediate ancestor. *Den Delaplaine* v. *Searing,* 8 *N. J. L.* 340; *Wills* v. *Le Munyon,* 90 *N. J. Eq.* 353; 107 *Atl. Rep.* 159; *Cook* v. *Mount,* 37 *N. J. L. J.* 4; *In re Quinn's Estate,* 94 *N. J. Eq.* 390; 118 *Atl. Rep.* 449; 14 *Cyc.* 29.

Ancestor according to its popular meaning is one from whom we lineally descend, and in its technical sense, as used in the statutes of descent, is one from whom an estate is inherited. *Wills* v. *Le Munyon, supra;* 14 *Cyc. supra.* Hence, a mother is an ancestor of her son. It is apparent, therefore, that "such ancestor" in the case *sub judice* is

Sarah Ryan, mother of William J. Ryan, Jr., for the entire fee of the premises in question came immediately from her to her said son who dies seized thereof. It follows that since the plaintiffs are not of the blood of Sarah Ryan, they are excluded from the inheritance, and have no interest in the premises in question and are not entitled to possession of any part thereof. It also follows that as Mary C. Connolly is the nearest relative to the intestate on his mother's side, that she is entitled to possession of the premises to the exclusion, not only of the plaintiffs, but of her co-defendant, Josephine Schroth.

The court, therefore, finds in favor of the defendants and against the plaintiffs, and holds that the defendant Mary C. Connolly is entitled to the possession of the whole of the premises described in the complaint.