JONATHAN WILDE, ADMINISTRATOR, C. T. A., *vs.* JOHN BELL ET ALS.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and BENNETT, Js.

Under the statute against perpetuities which existed in this State for many years until its repeal in 1895, the validity of a devise of a remainder in fee to the "heirs at law" of the testator depended upon the time at which the heirs were to be ascertained: if at the decease of the life tenant, then the devise was void under the statute; but if at the death of the testator, the gift over was valid.

Heirs at law are those who, at the death of a testator, take his real estate by descent; and unless it is clear from the will that others were intended, the words are to be given their ordinary meaning.

Having made a gift to her only daughter when she should attain twenty-one, a testatrix provided that if the daughter should die before the title vested in her under the will, the property should go to her own heirs at law. *Held:*—

1. That in determining who were the heirs at law to take this gift, the daughter—who survived her mother but died when nine years old—was to be excluded.

2. That such determination was to be made as of the date of the death of the testatrix.

What specific persons are heirs at law of a testator is a matter which is not involved in a suit to determine the validity and construction of his will; and the names of such persons ought not therefore to be inserted in the judgment-file.

The cases of *Rand* v. *Butler*, 48 Conn. 293, and *Thomas* v. *Castle*, 76 Conn. 447, distinguished.

Argued January 21st—decided April 17th, 1913.

SUIT to determine the validity and construction of the will of Lucy J. Murphy of Bridgeport, deceased, brought to and tried by the Superior Court in Fairfield County, *Case, J.;* facts found and judgment rendered in favor of the heirs at law of the testatrix, exclusive of her daughter, from which the administratrix of the latter appealed. *Judgment, as amended, affirmed.*

*John J. Cullinan, Jr.,* for the estate of Gracie Irene Murphy.

*John S. Pullman,* with whom was *William H. Comley, Jr.,* for the estates of Ann O'Neill, Mary Feeney, and Bridget Collins.

THAYER, J. By the will in question all the estate of the testatrix, except a legacy of $100, was given to trustees in trust to pay over the net income thereof to her husband, for the use and support of himself and her infant daughter until the latter should arrive at the age of twenty-one years. In case of the daughter's death before arriving at the age of twenty-one years, the net income was to be paid to the husband during his natural life, if he remained unmarried and not otherwise; and in case of his marriage or decease while the daughter was living, the entire net income was to be paid to her until her arrival at the age of twenty-one years, when the principal estate was to be delivered over to her and become hers absolutely. If the husband

remained unmarried and lived until the daughter became twenty-one, then, when she became twenty-one years of age, one half of the principal estate was to be delivered to her and become hers, and the income of the remaining half paid to him so long as he should live and remain unmarried, and upon his death or marriage the principal of this one half was to be delivered to the daughter and become hers. The provision for the husband was declared to be in lieu of his statutory rights. After these provisions and one providing for the event of the husband's refusal or neglect to apply the income to the proper support, maintenance, and education of the daughter so far as she might need the same, there is the following provision out of which the controversy between the parties has arisen: "7. Should my daughter die before the title to my said estate shall vest in her under this will, then when the right of my husband under this will shall terminate and cease, I desire that my heirs at law shall take what may remain of my said estate according to the present rule of distribution under the statute laws of this State."

The testatrix died in February, 1895, less than four months after executing the will. Substantially all her estate was real estate. The daughter died in 1899, aged nine years. The husband, who accepted the provisions of the will and remained unmarried, died in 1908. The daughter was the only child of the testatrix, and the arguments of all the counsel assume (although the record does not show the fact to be so) that she was also the daughter of the surviving husband and not of an earlier one. We shall proceed upon the same assumption, as the controversy is between the heirs of the husband and the heirs of the testatrix.

The plaintiff claims that the seventh item of the will, above quoted, was void as contravening the statute against perpetuities in force at the time the testatrix

died, and that, whether void or valid, the estate vested in the daughter as the sole heir at law of her mother, by inheritance if the provision was void, by purchase if it was valid.

If the testatrix intended by her language to give this remainder to those who at the death of the daughter or the husband should be her heirs at law, it was void as against the statute. Whether she intended that the heirs should be determined as of one of these dates, or as of the date of her own death, must be determined from the terms of the will itself in view of the circumstances existing at the time it was made. And in the same way it must be determined whether, if this provision is valid, the daughter was to be excluded in determining the beneficiaries under the seventh item.

We inquire, then, what was the purpose of the testatrix in making this will? It is apparent from the terms of it that, subject to the use in the husband, charged as it was with the daughter's support, she intended to give the entire estate to her daughter if she lived to reach the age of twenty-one years and survived her father, one half to vest when she reached twenty-one, in any event, and the other half at his death if that occurred after she reached twenty-one, otherwise when she reached that age. This disposed of the entire estate if the daughter should live to fulfil the conditions upon which she was to take. If she died without fulfilling these conditions, intestacy as to this remainder would result without some further provision in the will. The seventh item of the will was, manifestly, made to avoid intestacy should the daughter die before the estate vested in her. Its purport is that, should that contingency arise, the remainder over shall go to the heirs at law of the testatrix. Two concurrent remainders were thus limited upon the particular estate of the trustee; one to the daughter conditioned upon her reaching the age of

twenty-one, the other to the heirs at law conditioned upon the failure of the first to vest in the daughter. If the first became effective, the second failed; if the first failed, the second became effective. The purpose was to provide substitute takers of this remainder estate should the first donee of it fail to live so that it could vest in her. This shows that the testatrix intended by the words "heirs at law," in the seventh item of the will, others than her daughter. The Superior Court properly held that the daughter was to be excluded in determining the heirs at law who were to take under this item of the will.

There is nothing in the will or the surrounding circumstances to show that these were not to be her natural heirs. Heirs at law are those who at the death of a testatrix would take her real estate by descent. Unless it is clear from the will that others were intended, the words will be taken in their ordinary sense. There is nothing in the will to show that the testatrix intended that her heirs at law were to be determined as of the date of her daughter's or her husband's death. She did not say that they should be so determined. Her language applies as well to those who would be her heirs at her death as to these, and it must be presumed therefore that those who would be her heirs at her own death were intended. So taken, the will does not offend against the statute of perpetuities.

This case differs from *Rand* v. *Butler*, 48 Conn. 293, and *Thomas* v. *Castle*, 76 Conn. 447, 56 Atl. 854, which are relied upon by the appellant. In those cases the gift was to trustees for the use of a person (who by the testator's death became his sole heir at law) for life, with remainder over to the testator's heirs. It was held that the will did not exclude the life tenant from taking the remainder under the residuary gift. In the present case the will provides upon what condition the heir at

law shall take the remainder, and upon her failure to fulfil the condition gives it to others. The will excludes her from taking under the seventh clause.

In the judgment the court finds that three aunts of the decedent, naming them, were her heirs at law, excluding the daughter. This, being a suit to determine the validity and construction of the will, does not properly call for the determination of the parties who are to take under it. So far as the judgment undertakes to do this it is erroneous. In other respects the case was properly decided.

There is error, and the case is remanded with direction that the judgment be amended by eliminating therefrom the finding as to the persons who were the heirs of the testatrix under the terms of the will, and as thus amended it is affirmed.

In this opinion the other judges concurred.