# F. N. B. CLOSE, TRUSTEE, *vs.* F. NELSON BENHAM ET ALS.

Third Judicial District, Bridgeport, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Unless a contrary intent is indicated in the will, a gift in remainder to the testator's "next of kin" vests in them as a class in point of right upon his death, though their possession be postponed, as in the present case, to the termination of the preceding life estate.

"Next of kin" in a will, unless otherwise qualified or explained, mean those persons who would be entitled to take intestate estate under our statutory rule of distribution (Chap. 267), rather than those who are the nearest blood relatives according to the law of consanguinity.

A testator gave one third of his property to his son F in fee, and two thirds in trust for the life use of his two daughters, L and M; upon the decease of either daughter one half the trust fund was to go to her issue equally, *per stirpes*, and, failing such issue, to the testator's "next of kin" to be divided among them equally *per stirpes*. All the children survived the testator, but F died first, leaving a son, and later L died without issue. *Held* that "next of kin" meant those who would take intestate estate according to our statute of distribution, ascertained as of the date of the testator's death but excluding the life tenant L; and therefore that L's share was to be divided equally between M and the estate of F.

The scheme of the will in the present case reviewed and the expression "next of kin" *held* to bear the first of the two meanings above stated; such meaning being also required in order to give effect to the prescribed distribution *per stirpes*.

Whenever a life estate is given by will, with remainder to the life tenant's issue, and, failing such issue, to the testator's children, heirs, next of kin, or any other class, it is to be presumed—in the absence of an intent manifested to the contrary—that the testator intended to exclude the life tenant himself from such class.

Argued October 28th—decided December 23d, 1921.

SUIT to determine the validity and construction of the will of Junius N. Benham of Bridgeport, deceased, brought to and reserved by the Superior Court in

Fairfield County, *Kellogg, J.,* upon the facts stated in the complaint, for the advice of this court.

*David S. Day,* for the defendant F. Nelson Benham, individually, and as administrator of the estate of Frank N. Benham.

*William H. Comley, Jr.,* for the defendant Mary B. Close.

*Edward J. McManus,* for the defendant Edward J. McManus, administrator of the estate of Lizzie Benham.

WHEELER, C. J.    Those provisions of the will of Junius N. Benham which we are asked to construe, gave two thirds of his estate in trust, to pay the net income therefrom equally to his daughters, Mary B. Close and Lizzie Benham, during their lives.    Upon the decease of either, one half of the two thirds was given to the issue of the deceased daughter, equally and *per stirpes;* and in case the deceased daughter left no issue, this share was given to the testator's "next of kin," to be divided among them equally *per stirpes.*

Lizzie Benham died without issue, and the share whose income she had enjoyed vested in the next of kin of the testator.    The first question for our decision is, when did the title to this share vest, at the testator's death, or at the death of the life tenant?    The second, who are the next of kin, the nearest blood relatives, or those entitled to take under the statutory distribution of intestate estates?    And the third, is the estate of Lizzie Benham entitled to a one-third part of this share?

*First.* The gift to the "next of kin" was one to a class.    We have uniformly held that unless the will

sufficiently expresses a contrary intent, a limitation over, after a life estate, to the issue of the life tenant, and, failing issue, to the heirs, or heirs at law, or to the children or grandchildren of the testator, or to children of another than the testator, are gifts to a class, and vest in point of right upon the testator's death, although their right of possession is postponed until the termination of the life estate. We have adopted this rule in the belief that it leads to the early vesting of estates, and will carry out the probable intent of the testator, where the will indicates no contrary intent. *Norton* v. *Mortensen*, 88 Conn. 28, 89 Atl. 882; *Allen* v. *Almy*, 87 Conn. 517, 89 Atl. 205; *Bartram* v. *Powell*, 88 Conn. 86, 89 Atl. 885; *Wilde* v. *Bell*, 86 Conn. 610, 87 Atl. 8; *Nicoll* v. *Irby*, 83 Conn. 530, 77 Atl. 957. This ruling is equally applicable to every class gift, and hence to the gift to "next of kin." Authorities elsewhere so hold with marked unanimity. Note to *Tatham's Estate*, Amer. Anno. Cas. 1917A, pp. 855, 859 (250 Pa. St. 269, 95 Atl. 520). This will, read in the light of the circumstances surrounding the testator, does not indicate in any particular an intention of the testator to postpone the vesting of the estate until the termination of the life estate. And we have expressly held that the creation of the life estate is insufficient to base thereon an implication that the testator intended such postponement. *Thomas* v. *Castle*, 76 Conn. 447, 452, 56 Atl. 854.

*Second.* If "next of kin" designates a class, and the title to this share vests in the class at the death of the testator, our next question is, what persons are included within this term? It is used in the law with two meanings: first, the nearest blood relations according to the law of consanguinity; and second, those entitled to take under the statutory distribution of intestate estates.

We are to ascertain in which sense it is used in this will. Of course, the intention of the testator, adequately expressed, will determine. Where this is not manifest, some courts adopt the first and some the second meaning. The greater number of the cases attribute to this term, when used without qualifying words, the meaning of nearest blood relatives. This is the construction now adopted by the courts of Great Britain, Massachusetts and Michigan. *Elmsley* v. *Young*, 2 Mylne & Keen, 780; *Swasey* v. *Jaques*, 144 Mass. 135, 10 N. E. 758; *Clark* v. *Mack*, 161 Mich. 545, 126 N. W. 632. While in Ohio, New Hampshire and North Carolina, the term is held to designate those entitled to take under the statute of distributions. In *Godfrey* v. *Epple*, 100 Ohio St. 447, 126 N. E. 886, a life estate was given to the wife and, after her death, the estate remaining was directed to be "equally divided between my and my wife's nearest kin." The court held that nearest of kin meant those entitled to take under their statute of distribution. Nearest of kin and next of kin are synonymous. The opinion of Chief Justice Nichols expresses our thought as to the meaning of "next of kin" in a will, where there are no qualifying words: "In a primary sense, some authors say these expressions indicate the nearest degree of consanguinity. . . . If it were followed, it would mean that if a married man by his last will should provide simply that his property should pass to his nearest of kin, his wife, should she elect to take under the will, would be barred from all participation in the estate. And yet it is indisputable that if the married man, in whose home domestic felicity reigned, were asked as to his conception of the personnel of his nearest of kin, his certain reply would be, 'my wife.' The primary sense, it is therefore fair to say, is not by any means the universal, or even popular, sense of the term. . . .

There is a primary rule applicable to the construction of wills, that the heir at law shall not be disinherited by conjecture but only by express words, or necessary implication. . . . We do not feel inclined to favor a construction, unless it be a necessary one, against all principles of natural justice and against the well-settled policy of inheritance as provided by our law. We believe that the children of a testator's deceased brothers and sisters have just as much claim on his bounty as his living brother and sister would have. . . . Having the choice, therefore, of construction, we are disposed to adopt the interpretation that appears to us to be most consonant with the principles of natural justice, and which conforms to the well-settled legislative policy of the State, as well as the later judicial construction given the same phrase when found in our statutes." See, also, *Pinkham* v. *Blair*, 57 N. H. 226; *May* v. *Lewis*, 132 N. Car. 115, 43 S. E. 550. If "next of kin" be construed to mean nearest blood relatives, then the right of representation is denied, and children take to the exclusion of wife or husband. In common speech and general understanding, next of kin would include the children of a deceased child and the wife and husband.

We are persuaded that it will carry out the testator's intent more often, if we hold that this term, in the absence of qualifying words, was intended by the testator to include those who fall within the designation in the general speech and understanding of men, rather than in their primary and original sense, as the nearest in blood. If we construe this term in connection with the other clauses of the will as read in the light of the circumstances surrounding the testator, we find strong corroboration of his intention not to exclude the child of his deceased son. The will gave one third in fee simple to an only son, Frank N. Benham,

who died February 13th, 1918; the use for life of two thirds to two daughters equally, with remainder to their issue, and upon the decease of either, to the testator's next of kin.   Here is the manifest intent of the testator to give his property to his blood, one third to his son outright, and one third to the issue of each. daughter after the mother's life use.   And there is also the manifest intent to give equal shares to the son and the issue of the two daughters.   If the right of representation is denied and Lizzie is held to be one of the next of kin of the testator at his death, she may give her interest to whomsoever she will, and the intention of the testator will thus be defeated.   If Frank N. Benham survived the testator's daughters, he would thus have had a two-thirds share of this estate; and if Mrs. Close survived both Frank and Lizzie, she would have had a two-thirds share of this estate; and if Lizzie survived Frank and Mrs. Close, she would take a one-third share of this estate.   This would destroy the scheme of equality of the will.   Would it be natural for him to intend to make it possible for Lizzie to exclude his grandchildren from one third of his estate? The testator must be presumed to have known our statute of distributions and to have made his will with reference to that law.   Its division must be regarded as the policy of our law.   The gift to the issue and to the next of kin, equally and *per stirpes*, is significant of the intention of the testator to recognize the right of representation in his only grandson.   In *Heath* v. *Bancroft*, 49 Conn. 220, 223, we expressed the view that, in the absence of words indicating a contrary intent, a will is to be interpreted as intending to distribute an estate *per stirpes*, and in accordance with the statute of distributions.   "A further consideration in favor of the *per stirpes* rule is, that this rule has for two centuries commended itself to the judgment of the community

as one of justice, and has been and is the rule applied by the law in case of intestate estate. In these circumstances this rule will be applied in the construction of a will where the language of the will leaves the intent of the testator in serious doubt.'' In the absence of an indicated intent, the policy of the law requires that the distribution to the next of kin should follow the statutory rule of distribution. We have not heretofore decided the point; the better reason appears to us to construe '' next of kin '' to mean those who would be entitled to take under our statute of distributions.

*Third.* The next of kin having been determined to be those who would take under the statute of distributions at the death of the testator, it remains to ascertain who the next of kin were. Mrs. Close, who survived her sister Lizzie, and Frank N. Benham, who was her brother and left issue in his son F. Nelson Benham, admittedly were of the next of kin. Whether Lizzie Benham, the testator's daughter, was included in this class depends upon whether or not the testator so intended. In view of the relationship of Frank N. Benham and of Mrs. Close to Lizzie, and of the fact that she died intestate, it will make no practical difference to them or their issue—as to the share in the one third of which Lizzie enjoyed the life estate— whether she is included in, or excluded from, this class of the next of kin, since the same beneficiaries would inherit through her as would take if she were excluded. The question, however, is one which we must determine. When the testator gave to Lizzie a life use with remainder to her issue, he indicated his intention that she should have no share in, or disposition of, the remainder, and the subsequent provision, that in the event of her decease the next of kin should take, was not intended to include her among the next of kin, and so to take a share of this interest upon the death of the testator.

The testator should not be presumed to have made her a beneficiary in the share of which she had the life use, upon failure of her issue to take, when at the very time he gave to her issue the remainder after her life estate. The language of the will gives to the next of kin on Lizzie's death, and this assumes that they shall be those living at her death. The testator should not be assumed to have made a disposition so unnatural, for if he had intended that Lizzie should be one of the next of kin, he might have accomplished this—as we pointed out in *Nicoll* v. *Irby*, 83 Conn. 530, 535, 77 Atl. 957— by a direct devise, or to such persons as Lizzie should by will appoint. Wherever a life use is given, with remainder over to his issue, and, failing such, to the testator's children, heirs or next of kin, or other class, we think it must be presumed that the testator intended to exclude the life tenant from this class, unless a contrary intent is manifest in the language of the will. In this case we do not have to rest this question upon this presumption. The language of the will discloses a plain purpose on the part of the testator, as we have observed before, to keep his estate in his own blood. If Lizzie be held to be one of the next of kin, she could at any time have transmitted it by will or descent, but she could not herself enjoy it; and her power of transmission might be exercised in favor of strangers, to the exclusion of the blood of the testator. The testator, as we hold, intended by the gift over to his next of kin to exclude Lizzie from that class. Practically the same question arose in *Nicoll* v. *Irby*, 83 Conn. 530, 77 Atl. 957, where a life estate was given to a brother W, who was next of kin to the testator, and the remainder to any children begotten of W who might survive him, and, if he died without children, the remainder should go to "my own heirs" in equal shares. We held that the testator's own heirs were to

be determined as of the testator's death, and that by his own heirs he intended to designate those persons who should take at W's death, and that he intended to exclude from this class the life tenant, W. The case is of controlling authority upon this question, because its facts are so similar to the facts of this case. The administrator on Lizzie Benham's estate relies upon *Rand* v. *Butler,* 48 Conn. 293, and *Thomas* v. *Castle,* 76 Conn. 447, 56 Atl. 854. The distinction between these cases and *Nicoll* v. *Irby, supra,* was definitely pointed out by Mr. Justice Thayer in *Nicoll* v. *Irby, supra,* and this difference was further illustrated in *Wilde* v. *Bell,* 86 Conn. 610, 87 Atl. 8. Unless a contrary intention is found in the will, when read in the light of its circumstances, this construction of similar language in these two cases must be regarded as of binding authority.

The Superior Court is advised that the plaintiff trustee should deliver the share of which Lizzie Benham enjoyed the life use, to the persons and in the proportion as follows: to Mrs. Mary B. Close a one half, and to F. Nelson Benham, administrator on the estate of Frank N. Benham, the remaining one half, thus answering question two in the affirmative.

No costs will be taxed in this court.

In this opinion the other judges concurred.