VINCENT AHLEMEYER, complainant,

*v.*

JOHN A. MILLER et al., defendants.

[Decided May 12th, 1937.]

*Messrs. Melosh, Morten & Melosh,* for the Vogel heirs.

*Messrs. Solomon & Miller,* for the Michel heirs.

EGAN, V. C.

The parties to this suit have agreed that the facts herein, upon which decision is sought, are as follows:

"The only issue in this controversy now pending before the court in this case is: Who is entitled to receive the moneys now on deposit with the clerk of this court, which represent that part of the lands, which, under the deed made by Mary Elizabeth Miller and husband to George Miller and wife, were

conveyed to the heirs-at-law of said George Miller, and subsequently sold under these proceedings?

"1. On May 1st, 1868, Mary Elizabeth Miller became seized in fee-simple of certain premises situated in Jersey City, Hudson county, New Jersey, known by street No. 389-391 Grove street.

"2. By deed dated September 19th, 1891, and duly recorded on April 19th, 1894, in book 593 at page 487, said Mary Elizabeth Miller [her husband, John Miller, joining], conveyed said lands and premises to George Miller and Beata K. Miller, his wife, the *habendum* clause in which said deed reads as follows:

*"To Have and to Hold*, all and singular the above described land and premises with the appurtenances unto the said party of the second part, to the only proper use, benefit and behoof of the said party of the second part, and the survivor of them during the lifetime of the survivor and after the death of the survivor, to the child or children of the parties of the second part, and of the survivor of them share and share alike, their heirs and assigns forever, and in default of any such child or children then to the heirs-at-law of said parties of the second part in the following manner: one undivided half part to the heirs-at-law of said George Miller their heirs and assigns, forever, and one undivided half part to the heirs-at-law of the said Beata K. Miller, their heirs and assigns, forever."

"3. Said George Miller was the only living child of said Mary Elizabeth Miller at the time deed was made.

"4. Mary Elizabeth Miller, mother of said George Miller, died at Jersey City on March 1st, 1894.

"5. John Miller, father of said George Miller, died at Jersey City in 1895.

"6. George Miller and Beata K. Miller did not have any child or children.

"7. George Miller died on August 7th, 1914,

(1) without lawful issue; and

(2) without leaving a brother or sister of the whole or half blood, or issue of any such brother or sister; and

(3) without leaving a father or mother capable of inheriting under the Descent act.

"8. John Miller, father of said George Miller, had no brothers or sisters of the whole blood. He had no sisters of

the half blood but he did have the following brothers of the half blood, all of whom predeceased said George Miller, to wit:

1. Thomas Vogel
2. Conrad Vogel
3. Bachemus Vogel

Each one of these half-brothers left issue who survived said George Miller, to wit:

Alphonse Vogel  
Mary Vogel Dohlman } children of Thomas Vogel

Louis Vogel  
Charles Vogel  
Elizabeth Vogel Rapp } children of Conrad Vogel  
Catherine Vogel Weniger

Anna Vogel—child of Bachemus Vogel.

"9. Mary Elizabeth Miller, mother of said George Miller, had two brothers and one sister of the whole blood, all of whom predeceased said George Miller, to wit: 1—Theresa Blass, 2—Nicholas Michel, and 3—Bernard Michel. None of these left any issue except Bernard Michel, who left two children, both of whom survived said George Miller, to wit: John Michel, a son, and Mary Elizabeth Michel, a daughter."

The opposing claimants to the fund will, for the sake of convenience, be referred to as the Vogel heirs, and the Michel heirs. The Vogel heirs are cousins of the half blood of George Miller. The Michel heirs are cousins of the whole blood of George Miller. The Michel heirs say that by reason of their relationship of the whole blood, they are entitled to the entire fund. They contend that the Vogel heirs are in nowise entitled to any share therein.

The deed in question conveyed only a life estate to George and Beata K. Miller. It recites that in default of a child, or children, born to the grantees, that the fee then should vest as follows: "one undivided half part to the heirs-at-law of said George Miller, their heirs and assigns, forever," and "one undivided half part to the heirs-at-law of the said Beata K. Miller, their heirs and assigns forever."

Consequently, upon the death of George Miller, on August 7th, 1914, the lands vested in his "heirs-at-law." Such estate vested not by operation of law but by virtue of the provisions in the deed.

Who were "the heirs-at-law of George Miller" at the time of his death? *3 Words and Phrases (3d Series) 1085,* says:

"The word 'heir,' or the phrase 'heir-at-law,' meant at common law that person who succeeds to the real estate in case of intestacy. *Walker* v. *Walker, 118 N. E. 1014, 1019, 283 Ill. 11; Wilde* v. *Bell, 87 A. 8, 9, 86 Conn. 610.*

"An 'heir' or 'heir-at-law' is a person designated by law to succeed to an estate. *Connertin* v. *Conconnon, 259 P. 290, 291, 122 Or. 387.*"

And on page 1086 of said volume 3—

"The words 'heirs-at-law,' when used in a deed to designate the grantees, will be interpreted to mean the persons appointed by law to succeed to real estate in case of intestacy, unless a different interpretation is required in order to give effect to the plain purpose and intention of the grantor, as disclosed by the language of the deed as a whole. *Aetna Ins. Co.* v. *Hoppin, 249 Ill. 406, 94 N. E. 669." McKinney* v. *Stewart, 5 Kan. 384, 394.*

The phrase "heirs-at-law" means the same as "heirs general." They are the kindred by blood of a deceased intestate, who inherit his lands. *Forrest* v. *Porch, 45 S. W. Rep. 670; 100 Tenn. 391.*

*3 Words and Phrases (3d Series) 1087,* says:

"Under Decedent Estate Law, § 90, providing that relations of the half blood shall inherit equally with those of the whole blood in the same degree, a half-brother of a decedent was his 'heir-at-law.' *Farmers Loan & Trust Co.* v. *Polk, 151 N. Y. S. 618, 623. 166 App. Div. 43.*"

"By 'heirs' are properly meant those upon whom the law casts the real estate immediately upon the death of the ancestor." *Howell* v. *Gifford, 64 N. J. Eq. 180* (at *p. 187*); *53 Atl. Rep. 1074.*

Under section 6 of the statute of descent (*2 Comp. Stat. p. 192*), the persons designated in paragraphs 7, 8 and 9 of the aforesaid agreed state of facts, are the persons who are entitled

to the proceeds of the fund. Under the last named section 6 of the Descent act, it is provided:

"The said lands \* \* \* shall then descend and go to the several persons of equal degree of consanguinity, either of the whole or half blood, to the persons so seized, as tenants in common, in equal parts, however remote from the person so seized the common degree of consanguinity may be and whether of the whole or half blood."

Although the case of *Bray* v. *Taylor, 36 N. J. Law 514,* holds that "cousins of the half blood by the established rule of the common law were excluded from the inheritance; neither are they admitted to the succession by the fifth section of the statute of descents which extends only to brothers and sisters of the half blood and their issue and does not embrace collaterals of a more remote degree."

*Chapter 195 of the laws of 1905, page 358,* amends section 6 of the Descent act (*2 Comp. Stat. p. 1920*) so that it now includes "persons either of the whole or half blood, all of equal degree of consanguinity \* \* \* however remote from the person so seized the common degree of consanguinity may be."

The principle laid down in *Bray* v. *Taylor, supra,* does not affect the situation in the instant case. As above observed, we are not dealing with an estate of inheritance; we are considering a grant by deed. The situation expressed in *Daly* v. *Connolly, 159 Atl. Rep. 314,* is not a case "on all fours" with the point involved herein.

The Vogel heirs and George Miller are each two degrees removed from their common paternal ancestor, namely, Anna Miller, their paternal grandmother.

The Michel heirs and George Miller are each two degrees removed from their common ancestor, namely, their maternal grandparents.

The paternal half-cousins, the Vogel heirs, are entitled to share equally with the maternal cousins of the whole blood, the Michel heirs.

I shall advise an order to conform with these findings.