ERNEST G. BUDINGTON, GUARDIAN AD LITEM OF JOAN
WILLIAMS *v.* FRANCES S. HOUCK, ADMINISTRATRIX
C.T.A. (ESTATE OF JOHN A. ECKERT, III)

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 17—decided July 16, 1947

*T. Ward Cleary,* with whom was *Edward J. Quinlan, Jr.,* for the appellant (defendant).

*Ernest G. Budington,* for the appellee (plaintiff).

*Ernest M. Lofgren,* amicus curiae, attorney for the plaintiff-appellant in the companion case of Williams v. Houck, Administratrix.

BROWN, J. The testator John A. Eckert, of Greenwich, died May 5, 1929. His widow survived but her rights are not involved in this appeal. Two children also survived, John A. Eckert, Jr., and Mildred E. Williams. John A. Eckert, Jr., had an only child, John A. Eckert, III. Eckert, Jr., died April 21, 1945, and Eckert, III, died May 3, 1945, at the age of twenty-two years, unmarried and without issue. Mildred E. Williams has two children, Frank Davol Williams and Joan Williams, who are both living. Upon the termination of a trust set up under paragraph 8(a) of the testator's will, the surviving trustee filed its account with the Probate Court of Greenwich and requested a determination of the distributees entitled to the principal of the trust fund. The Probate Court found that the distributee of the trust fund was the estate of Eckert, III, and not the issue of Mildred E. Williams. The plaintiff, guardian ad litem of Joan Williams, who is a minor, appealed to the Superior Court, which reversed the decree of the Probate Court and adjudged that the issue of Mildred E. Williams are the distributees of the trust. The defendant, administratrix of the estate of Eckert, III, has appealed to this court.

Paragraph 8(a) of the will provides that one-tenth of the testator's residuary estate be held in

trust and the income paid to the testator's son Eckert, Jr., during his life. Under certain circumstances, one-half of the principal could be paid to the son at the age of thirty-five years and the balance at the age of forty. No payments of principal, however, were made to him. This paragraph of the will then proceeds as follows: "Upon the death of my said son, John A. Eckert Jr., I give, devise and bequeath such share or portion, or so much thereof as has not been paid, to my Executors, their survivors and successors, in trust nevertheless, during the life of my grandson, John A. Eckert, to hold the same and invest, reinvest and keep the same invested, and collect the rents, issues and profits thereof, and to apply the net income thereof to the use of my grandson, John A. Eckert and any lawful issue of my son, John A. Eckert Jr., in equal shares, per stirpes and not per capita, and upon the arrival of my grandson, John A. Eckert, at the age of thirty years, or his earlier death, to divide the principal sum, together with any accumulation of income among any descendants of my son, John A. Eckert Jr., in equal shares, per stirpes and not per capita, and if he shall leave no issue, then to the issue of my daughter, Mildred E. Williams, in equal shares, per stirpes and not per capita."

On behalf of Joan Williams, it is claimed that she is a distributee of the trust fund for the reason that upon the death of the testator's grandson Eckert, III, fixed as the time for distribution "among any descendants of my son, John A. Eckert Jr.," there were no descendants of Eckert, Jr., in existence, and that under such circumstances the will directed that the principal of this trust fund be paid "to the issue of my daughter, Mildred E. Williams."

It is claimed on behalf of the estate of Eckert, III, that upon the death of Eckert, Jr., title to the remainder interest under the trust vested in Eckert, III, as the sole living member of the class of remaindermen, subject to open to let in afterborn members of the class, and that therefore his estate is entitled to the principal of the trust fund even though, as events occurred, it was at his death that this was to be divided among the descendants of Eckert, Jr. The question for determination therefore is whether the estate of the testator's grandson Eckert, III, is the distributee entitled to the principal of this trust, or his two living grandchildren, Joan Williams and Frank Davol Williams, the issue of his daughter Mildred, are the distributees entitled to it. This depends upon whether title vested upon the death of Eckert, Jr., or upon that of Eckert, III.

There is ample authority under the decisions of this court for the following statement: "It is a well settled rule of construction that a legacy given to a person or a class, to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment. And where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent." *Dale* v. *White,* 33 Conn. 294, 296; *Bridgeport City Trust Co.* v. *Shaw,* 115 Conn. 269, 276, 161 A. 341. It may be remarked in passing that this rule is one which was frequently relied upon to determine early vesting and so to avoid intestacy

under the then applicable Statute against Perpetuities, thus presumably giving effect to the testator's intent where the will indicated no contrary intention. *Close* v. *Benham*, 97 Conn. 102, 104, 115 A. 626. No question of intestacy, however, is involved in the instant case.

The defendant cites several cases in which the rule has been applied. But in none of them was there such a substitutionary gift as was present in this case. In a somewhat similar case, *N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N.Y. 93, 102, 142 N.E. 431, the court, speaking by *Cardozo, J.*, said: "The very provision for the substitution of another class, the class of next of kin, is a token that survivorship was thought of as a condition of the gift." This case is peculiarly one where the right to receive the fund must be determined at the death of Eckert, III. The testator contemplated that his grandson would be living at and after his death. If the title to the remainder interest vested in him at the testator's death, the entire provision would exhaust itself in that disposition of the property and the substitutionary gift would be wholly nugatory. It must be presumed that the testator did not make provision for a gift which in no event could become operative.

Moreover, "The controlling fact in the interpretation of testaments is the expressed intent as disclosed by the testator's language. This language will be read in its entirety, and with the purpose of gathering from its general scheme, scope and character, and the nature of its provisions, what the intention was. In this search for intent, purely artificial and arbitrary rules of mere literary construction can properly play but a small part, and, if followed, might easily result in an undeserved impor-

tance being attached to a purely accidental choice of words." *White* v. *Smith,* 87 Conn. 663, 668, 89 A. 272; *Union & New Haven Trust Co.* v. *Ackerman,* 114 Conn. 152, 157, 158 A. 224. Accordingly, the rule in *Dale* v. *White,* supra, has been uniformly qualified by the statement, "unless the will sufficiently expresses a contrary intent." *Close* v. *Benham,* supra, 103. The rule "is, of course, one of presumption only. If a contrary intent has been sufficiently expressed in the will, that intent will, in this as in all other matters of testamentary construction, govern." *Norton* v. *Mortensen,* 88 Conn. 28, 35, 89 A. 882. Thus, as we have pointed out, the language of the will and the indicated purpose of the testator sometimes compel a holding that the vesting took place at the termination of the life estate. *Bridgeport City Trust Co.* v. *Shaw,* supra, 277; *Union & New Haven Trust Co.* v. *Ackerman, supra,* 163. "In the search for the intent of the testator all parts of the will are to be taken into consideration; *Allyn* v. *Mather,* 9 Conn. 114, 125." *Wolfe* v. *Hatheway,* 81 Conn. 181, 184, 70 A. 645; *White* v. *Smith,* supra. It is for us, applying the foregoing principles for determining the testator's intent, to ascertain what that was as expressed by the will.

The will, after providing for the payment of the testator's debts, giving to his wife the benefit of the use of the house for her life and bequeathing to her certain personal belongings, continues with provisions which, in so far as material to our inquiry, direct that his residuary estate shall be divided into five equal shares. Three of the shares are to be held in trust for the widow during her life, and upon her death one-half of that trust fund is left to the daughter, Mildred E. Williams, or to her surviving

issue, and if none, then to Eckert, Jr., if living, and if not, to his children; one-fourth is to be held in trust for the son, Eckert, Jr., during his life and then the principal is left to his issue, and if he shall leave no issue, then to the children of Mildred E. Williams; and one-fourth is to be held in trust for the descendants of the son, Eckert, Jr., during the life of Eckert, III, or until he shall arrive at the age of thirty years, and then the principal is to be divided among the issue of the son, Eckert, Jr., and if there be no issue, then the principal is to be paid to Eckert, Jr., and if he be not living, then to the issue of Mildred E. Williams. Another of the one-fifth shares of the residue is to be held in trust for Mildred E. Williams during her life and upon her death the principal is to be paid to her issue, or if she leave no issue, then to the issue of the son, Eckert, Jr. The remaining one-fifth share is to be divided into two parts. One part (the one in question) is to be held in trust for the son, Eckert, Jr., during his life, with provision to invade principal if required in order to pay him $5,000 per year and with the further provision that the trustees could deliver the principal to him under certain conditions. Upon the death of the son, Eckert, Jr., the remaining principal is to be held in trust for the benefit of the grandson, Eckert, III, and any lawful issue of the son, Eckert, Jr., and upon the arrival of Eckert, III, at the age of thirty years, or his earlier death, the principal is to be divided among any descendants of the son, Eckert, Jr., and if he shall leave no issue, then to the issue of the daughter, Mildred E. Williams. The other part is to be held in trust for the grandson, Eckert, III, the income to be expended for his benefit until he reaches the age of thirty years, when the

principal is to be paid to the lawful issue of the son, Eckert, Jr. If there shall be no lawful issue of Eckert, Jr., surviving at the death of the grandson, then the principal is to be held in trust for the benefit of Eckert, Jr., during his life, and upon his death, or if he be not living at such time, then the principal is to be paid to the issue of Mildred E. Williams.

These provisions make clear the testator's plan. Subject to the various life estates, he eventually wished his estate to go, one-half to his daughter, Mildred E. Williams, and her issue, and one-half to the issue (descendants) of his son, Eckert, Jr. But he also desired to keep the estate within the family, for in each instance he provided that, if there should be no issue surviving, then the share should go to the issue of the other child. This is particularly apparent if we consider the eighth paragraph of the will, which disposes of the property set aside for the son, Eckert, Jr., and his descendants, that is, the final one-fifth share. Section (b) of that paragraph sets aside one-tenth of the estate for the benefit of Eckert, III. This was his share in his grandfather's estate. Yet it is specifically provided that, if he should die before attaining the age of thirty years and there should be no lawful issue of the son, Eckert, Jr., surviving at that time, this one-tenth should go to the issue of Mildred E. Williams, and not to the estate of Eckert, III, whereby his share would go to strangers. It is therefore only reasonable and logical to conclude that as to the share of the son, Eckert, Jr., disposed of under the provision in controversy, paragraph 8(a), the testator intended that if Eckert, Jr., should leave no issue surviving at the time for distribution, namely the death of Eckert,

III, before arriving at the age of thirty, then the principal was to be divided among the issue of the daughter Mildred E. Williams, rather than that the testator intended to create in Eckert, III, a vested interest which he might dispose of to strangers. We therefore conclude that the testator's intent as expressed by the will was that all of the residue should go to descendants of his own blood to the exclusion of strangers and that the fund involved in this case should pass upon the death of Eckert, III, to the children of Mildred E. Williams.

From the determination that this was the testator's intent it follows that, to effectuate it, the rule in *Dale* v. *White,* supra, under which on the facts here the title would have vested in Eckert, III, upon the death of his father, Eckert, Jr., must give way to the exception to the rule to which we have also referred and which is illustrated by the cases cited in which the will evidenced the testator's contrary intent. In fact, this case falls squarely within the statement taken from one of those cases, *Bridgeport City Trust Co.* v. *Shaw,* supra, 277, for here the language of the will and the indicated purpose of the testator compel a holding that the vesting took place at the termination, by his death, of the estate in Eckert, III, and so this became the time of distribution. Applying the language of the will in question to the situation as of that time, the injunction, "if he [Eckert, Jr.] shall leave no issue, then to the issue of my daughter, Mildred E. Williams," will be strictly complied with and the dominant intent of the testator fulfilled. It is our conclusion that Frank Davol Williams and Joan Williams, the children of Mildred E. Williams, are the distributees in equal

shares of the trust created in and by paragraph 8(a) of the testator's will.

There is no error.

In this opinion the other judges concurred.