JESSE B. STINSON ET AL. *v.* STEPHEN B. PALMER ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued February 5—decided April 15, 1959

*Charles M. Lyman,* with whom was *Macgregor Kilpatrick,* for the appellants (named defendant et al.).

*Thomas P. Condon,* for the appellees (defendants Julia N. Palmer et al.), with whom were *Foster K. Sistare,* for the appellee (defendant Robin L. Palmer), and *Belton A. Copp,* for the appellees (defendants William N. Palmer et al.).

MURPHY, J. The sole question presented for our determination upon this appeal concerns the construction by the trial court of the provisions of one article in the will of William N. Palmer of Stonington, who died August 26, 1940. After making certain cash legacies, the testator set up the entire residue of the estate as a trust from which the net income was to be paid to his wife during her life and widowhood. The sixth article of the will then provided: "Such trust estate shall pass to the children of my sons Stephen Billings Palmer and Robert Kuhn Palmer after the death of my wife . . . , in equal amounts to each one then surviving and paid at the time each one shall reach the age of thirty years."

The gift to the testator's grandchildren was a gift to a class; *Hill* v. *Birmingham,* 131 Conn. 174, 177, 38 A.2d 604; which closed upon the death of the widow. *Chase National Bank* v. *Guthrie,* 139 Conn. 178, 181, 90 A.2d 643. It vested in point of right on the death of the testator. *Kimberly* v. *New Haven Bank N. B. A.,* 144 Conn. 107, 114, 127 A.2d 817. The widow died on February 9, 1956. Each of the seven grandchildren then living was entitled to one-seventh of the trust estate, but enjoyment thereof was postponed until he or she reached his or her

thirtieth birthday. *Budington* v. *Houck,* 134 Conn. 72, 75, 54 A.2d 671.

The will made no express provision for the distribution of the income earned by the trust estate after the death of the widow. Such income is not excess income which could become intestate estate under the rule of such cases as *Hartford-Connecticut Trust Co.* v. *Hartford Hospital,* 141 Conn. 163, 173, 104 A.2d 356. The trial court held that the trustees should accumulate the income and pay it from time to time to the grandchildren whose shares in the estate had accounted for it. In this conclusion the court was correct. *Hoadley* v. *Beardsley,* 89 Conn. 270, 282, 93 A. 535. There is no merit to the claim of the appellant sons that the income becomes intestate estate which they are entitled to take. To so hold would be contrary to the intent of the testator; *Hartford-Connecticut Trust Co.* v. *Hartford Hospital,* supra, 169; gathered from consideration of the will as a whole. *Budington* v. *Houck,* supra, 77. A construction which avoids intestacy is to be preferred. *Hartford National Bank & Trust Co.* v. *Harvey,* 143 Conn. 233, 242, 121 A.2d 276. It is presumed that the testator in making a will intended to make a complete disposition of his entire estate and that no part of it would become intestate. *Hartford National Bank & Trust Co.* v. *Yearly Meeting,* 137 Conn. 648, 654, 81 A.2d 104.

There is no error.

In this opinion the other judges concurred.