13583

EQUITABLE TRUST CO. OF COLUMBIA v. EPLING *ET AL.*

(167 S. E., 820)

496

500

* * *

504

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellant,

*Messrs. Thomas, Lumpkin & Cain,* for Equitable Trust Company of Columbia.

*Messrs. F. Ehrlich Thomson* and *Benet, Shand & McGowan,* for other respondents,

February 14, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The very clear decree of Hon. G. D. Bellinger, Probate Judge of Richland County, affirmed by his Honor, Circuit Judge Townsend, states fully the facts of this cause, and decides correctly, in our opinion, the one legal question involved in the appeal. Let it be reported.

Because of the zeal and earnestness displayed by counsel for the appellant, both in his brief and in his argument at the bar of this Court, wherein he has presented strong reasons to support his view, we have given careful consideration to the cause, and take the opportunity to add a few observations and cite additional authorities to sustain the decree appealed from.

Counsel for both sides, as well as the Probate Judge, the Circuit Judge, and ourselves, have been unable to find, after much research, a decision of our appellate Court which appears conclusive of the issue to be determined. The cases cited in the appellant's brief, *Shaffer v. Nail,* 2 Brev. (4 S. C. L.), 160; *Karwon v. Lowndes,* 2 Desaus. (2 S. C. Eq.), 210; *Johnson v. Johnstone, Exr.,* 12 Rich. Eq. (33 S. C. Eq.), 259, as being "enlightening" on the subject, and tending to show that the view contended for is correct, do not, in our opinion, support the position taken. Other decisions, namely, those of *National Union Bank v. McNeal,* 148 S. C., 30, 145 S. E., 549; *Gibson v. Rikard,* 143 S. C., 402, 141 S. E., 726; *Dukes v. Faulk,* 37 S. C., 255, 16 S. E., 122, 34 Am. St. Rep., 745; *Evans v. Godbold,* 6 Rich. Eq. (27 S. C. Eq.), 26; *Seabrook v. Seabrook,* McMul. Eq. (16 S. C. Eq.), 206; and *Templeton v. Walker,* 3 Rich. Eq. (24 S. C. Eq.), 550, 55 Am. Rep., 646, may be also somewhat "enlightening" to sustain the Probate Judge's decree.

But none of these cases, either those cited by appellant's counsel or those which we have added, really touches the question before us. Indeed, they are so far removed from the question that it seems useless to review them, or to refer to their holdings, or any *obiter dicta* contained therein. All

of these decisions are readily accessible to the few who may be interested in pursuing a study of the subject here involved.

Since the words "next of kin" have appeared hundreds of times in wills in this State, one, at first, may be led to wonder why our Court of last resort has not at some time been called upon to say definitely what they mean. On reflection, however, we think there is little need to speculate as to the reason why. We think clearly it is due to the fact that our people, as well as the bench and bar, long ago accepted the view that, when those words are used in a testamentary instrument, they refer, without doubt, to the "distributees" as classified in our statutes relating to descent and distribution. We must feel that, if there had been any serious doubt as to the meaning of the term "next of kin," at some time or other, within the past one hundred years, for more than which time the right of primogeniture has not existed, and the present laws as to descent and distribution have been of force, some "nearest of kin" would have asked the Court to pass specifically upon the meaning of the words "next of kin."

The several cases from jurisdictions other than our own, cited in the appellant's brief, do support the position he urges here. It is unnecessary to discuss them. They have followed the English rule, recognized in several of the American states, notably in Massachusetts. The general rule, however, in America is, from the information we have obtained, to the contrary, and supports the conclusion of the Probate Judge.

In the quotations we make, we italicize certain expressions.

"*In the United States it has been very generally held that the term 'next of kin', when unexplained by the context, means next of kin according to the statute of distributions.* But in *England* the rule is otherwise, and the English rule has been followed by some of the cases in the United States.

But even in England, where it appears by other words that reference is had to the statute of distributions, 'next of kin' is held to be equivalent to 'next of kin under the statute.' " 21 A. & E. Encyclopedia of Law (2d Ed.), 539.

"In the absence of a contrary intention the term 'next of kin' of the testator or another means the nearest blood relation to the testator or such other; *and unless the context shows a different intention, the term ordinarily means next of kin according to the statute of distributions,* particularly where the statute is referred to in connection with such term." 40 Cyc., 1466.

*"Some cases have held that the term 'next of kin,' when unexplained by the context, means next of kin according to the statute of distributions, but the rule is not always followed.* Where it appears by other words that reference is had to the statute of distributions, 'next of kin' is held to be equivalent to 'next of kin under the statute.' " 46 C. J., 475.

*"The proper primary signification of the words 'next of kin' is those related by blood, who take the personal estate of one who dies intestate, and they bear the same relation to personal estate as the word 'heirs' does to real estate.* It seems, however, that the words 'next of kin' in a will mean the nearest blood relations and not all those who would take under the statute of distributions." 28 R. C. L., 254.

The principle declared in the italicized language in the quotation from Ruling Case Law seems to be the rule generally followed, and is based on decisions from New Hampshire and New York. The rule stated in the language in the quotation, which we have not italicized, is the result of declarations made in cases from Massachusetts and Michigan. See notes 16 and 17, 28 R. C. L., 254.

In the case of *Close v. Benham,* 97 Conn., 102, 115 A., 626, 628, 20 A. L. R., 351, decided as recently as 1921, Mr. Chief Justice Wheeler, for the Supreme Court of Connecticut, said: "In the absence of an indicated intent, the policy of the law requires that the distribution to the next of kin

should follow the statutory rule of distribution. We have not heretofore decided the point; the better reason appears to us to construe 'next of kin' to mean those who would be entitled to take under our statute of distributions."

In determining the meaning of the words "next of kin," contained in an Act of Congress, Mr. Chief Justice Fuller, for the Federal Supreme Court, used this language: "And we are of opinion that Congress, in order to reach the next of kin of the original sufferers, capable of taking at the time of distribution, on principles universally accepted as most just and equitable, intended next of kin according to the statutes of distribution of the respective states of the domicile of the original sufferers. In all the states real estate descends equally to the children of the decedent, and to the issue of deceased children taking per stirpes, and in most of them personal estate is distributed in the same manner, the variations being immaterial here." *Blagge v. Balch,* 162 U. S., 439, 16 S. Ct., 853, 858, 40 L. Ed., 1039.

In the absence of any decision of our appellate Courts holding the opposite, we are constrained to follow the authorities cited by the Probate Judge, and those from which we have quoted herein, rather than to fall in line with the English rule, to which the Courts of Massachusetts and a few other states, however highly we may regard those Courts, have seen proper to commit themselves. The reasoning of the decisions, which we prefer as guides, is more harmonious, we think, with the spirit of our own laws and decisions which, for a century, have tended to favor a division of estates and property in a manner more equable than that recognized in the common law of England. We are further inclined, also, to this determination, for the reason that it accords, not only with the belief of our people as to what the law is, but to their feeling that so it should be.

The decree, appealed from, is affirmed.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.