15664

MILLS v. NICOL ET AL.
(30 S. E. (2d), 817)

*Mr. Randolph Murdaugh,* of Hampton, S. C., and *Messrs. Blease & Griffith,* of Newberry, S. C., Counsel for Appellant,

*Messrs. Buist & Buist,* of Charleston, S. C., Counsel for Respondent,

Counsel for Appellant,

July 18, 1944.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

This appeal involves a question of law only, namely, the meaning of the words "next of kin" as used in the residuary clause of the decedent's will.

The will under construction is that of William M. Copp, who died March 15, 1940, survived by his wife, the appellant, and the respondent, Ethel Copp Nicol, a sister. The other respondents named in the caption are the children and grandchildren of said Ethel Copp Nicol, and make no claim adverse to the claim of their said mother and grandmother. The decision in the Circuit Court excluded them, and they have not excepted. Therefore, only the respondent, Ethel Copp Nicol, is interested in this appeal. The appellant acquired the name of "Mills" by remarrying since the testator's death.

Omitting the formal portions, the will reads as follows:

"First: I give, devise, and bequeath unto my said wife, Ottilie M. Copp, absolutely, in fee simple, all of that certain piece, parcel or tract of land situate, lying and being in the County of Beaufort, State of South Carolina, known as 'Spring Island.'

"I also give, devise and bequeath unto my said wife all of my household goods, furniture, fixtures, together with all articles of personal, domestic, or household use or ornament, including books, pictures, provisions, consumable stores, and other such effects belonging to me at my decease, situate on the property hereinbefore mentioned.

"I also give, devise and bequeath unto my said wife all horses, mules, cattle, and other animals, all live stock of any kind, all farming implements and utensils, all machinery of any and all kinds, all automobiles, wagons, and other vehicles, all boats, and all other property of every kind and description belonging to or in anywise connected with the said property hereinbefore mentioned.

"I also give, devise and bequeath unto my said wife, absolutely, all my ready money, including all money which I may have on deposit in any bank at the time of my death.

"Second: I give, devise and bequeath unto my said wife, Ottilie M. Copp, for and during the term of her natural life, all the rest and residue of my estate and effects, whatsoever and wheresoever situate, real, personal and mixed, to which I may be entitled or which I may have power to dispose of at my decease; and from and after the death of my said wife, I give, devise and bequeath the said property mentioned in this paragraph, unto my next of kin."

It is conceded by the appellant and the respondent that the "next of kin," as mentioned in the will, are to be determined as of the date of the death of the testator. The respondent, Ethel Copp Nicol, and her children and granchildren were, at the time of the testator's death and now are the only blood relatives of the testator *in esse*. Therefore, the specific question before this Court is whether the wife of the testator is included in the terminology "next of kin" as used in the will.

Before entering upon a discussion of this issue we think it well to set at rest any misapprehension of the holding of this Court in *Magrath v. Magrath et al.,* 184 S. C., 243, S. E., 273, 280.

In the opening paragraph of the opinion in that case, and in stating the facts, there appears this statement: "Surviving him as his next of kin were his widow, Selina E. Magrath, and their two daughters, Maria Gordon Magrath and Emily Magrath, petitioners in this proceeding." In referring to that statement, counsel for the respondent herein aptly say: "There was no issue in the (Magrath) case as to whether the widow was or was not a next of kin; and neither in the report of the Master that was sustained, nor in that part of the opinion of the Supreme Court that discusses and decides the issues was there any conclusory holding to that effect. The opinion does not announce as a *decision of law* that the widow was among the next of kin."

It was immaterial to a decision of the issues in the *Magrath case* that the widow was among the "next of kin," and the statement from that opinion hereinabove quoted was only a casual "statement of fact," borrowed from the report of the Master, and was never intended as a juridical holding, not even as *obiter dictum.*

The first case in this State upon the issue here involved, is *Johnson v. Johnstone,* 33 S. C. Equity, 39, 12 Rich. Eq., 259. In that case the will gave the estate to a trustee "for the express purpose of distributing the same, according to equity, among my legal representatives and next of kin."

We quote with approval from the decree of the learned Circuit Judge:

"The question before the Court in the *Johnson case* was whether the wife should be allowed to participate in the distribution of the estate under the foregoing language. The opinion brushes aside the idea that she could be included in the expression 'next of kin' in the following words:

" 'The question is, Shall she be included in the words, "among my legal representatives and next of kin?" If she be, she must seek that position by virtue of the words, "legal representative." '

"At a later place in the opinion, the Court again reflects the thought that the widow is not among the next of kin by the language: 'And he put it in the power of his favorite legatee to reduce her, as well as the next of kin, to a diminutive portion.'

"The decision in the case was that, although the wife could not be included within the expression 'next of kin,' as used in the will, yet, it was proper to consider her as included in the expression 'legal representatives.' The Court went on to say that although the expression 'next of kin' does not include the widow, the Court would not undertake to ascertain what persons did come within the expression, the exact language being as follows:

" 'This is not the proper occasion to ascertain the persons who may come within the words, "legal representatives and next of kin." The widow is, we think, a legal representative of the testator, in the partition of what is to be distributed; and this is all the case, as now presented, warrants us to decide.' "

The question of the interpretation to be placed on the terminology, "next of kin," again came before this Court in *Equitable Trust Co. of Columbia v. Epting,* 168 S. C., 494, 167 S. E., 820, 825. In writing the opinion of the Court, the able and learned Chief Justice Blease, after pointing out the conflict between the English rule, which has been followed in some States, mainly Massachusetts and Michigan, and the American rule, that has been followed by the majority of the states of this country, concludes that the latter is more in keeping with the spirit of the law of South Carolina, and with the belief of our people as to what the law is, and should be; and defined the expression "next of kin," under the American rule in the following language, that he quotes from 28 R. C. L., 254: "The proper primary signification of the words 'next of kin' is those related by blood, who take the personal estate of one

who dies intestate, and they bear the same relation to personal estate as the word 'heirs' does to real estate."

As we read the *Epting case,* it in nowise disparages the *Johnson case,* for the sole holding in the *Johnson case* was that the widow did not come within the term "next of kin," but was included in the expression "legal representatives." There was no surviving spouse or widow involved in the *Epting case,* the issue being between a brother, and the nieces and nephews of the intestate over the proceeds of a benefit certificate carried in the relief department of the Atlantic Coast Line Railroad Company by the intestate (a bachelor) which certificate provided that under certain contingencies, the death benefit would be payable to the "next of kin" of the deceased. It was under these circumstances that the Court declared the rule quoted from 28 R. C. L., 254, as to who are to be considered "next of kin."

The opinion in the *Epting case* cited, and quoted from the case of *Close v. Benham,* 97 Conn., 102, 115 A., 626, 20 A. L. R., 351, as follows: *"In the absence of an indicated intent,* the policy of the law requires that the distribution to the next of kin should follow the statutory rule of distribution. We have not heretofore decided the point; the better reason appears to us to construe 'next of kin' to mean those who would be entitled to take under our statute of distributions [168 S. C., 494, 167 S. E., 825]." (Italics added.)

While the statute of distributions of this State apparently uses the term "next of kin" as exclusory of the widow being embraced within such term, as witness subdivisions 6 and 10 of Section 8906 of the Code; and while the case of *Johnson v. Johnstone, supra,* holds (without discussion) that a widow does not come within the term "next of kin," yet we doubt if any hard and fixed rule thereabout can be declared where this terminology is used in a will. And certainly the precise question was not passed upon in the *Epting case.*

It seems to us, especially in the construction of wills, that the intent of the testator as reflected by the use of such phraseology, when read in connection with the other provisions of the will, must govern. In the case under discussion, the testator had bountifully provided for his widow (the appellant) by giving her valuable property outright; and he then willed her the residue of his property for and during the term of her natural life, and after her death, he gave, devised and bequeathed this residuary estate "unto my next of kin." We think it is manifest that the testator intended that as to such property, the appellant took no other interest than a life estate, and that at her death it would be divided among his blood relatives in accordance with the statute of distributions.

The exceptions are overruled, and the decree appealed from is affirmed.

Messrs. Associate Justices Fishburne, Stukes, Taylor and Oxner concur.