The plaintiff is the widow and executrix of the will of Frank Urban, and the defendant is the brother of her deceased husband. In this action the plaintiff as such executrix is seeking to *Page 84 
recover of the defendant the sum of $1000 under a certain provision contained in a warranty deed of real estate in which the defendant is grantee. The question for decision upon which the parties are at issue is dependent upon the construction of that deed in the light of a controversial provision therein which has given rise to the litigation at bar.
The undisputed facts require a statement. Louise Urban, hereinafter referred to as the grantor, was the mother of four children, one of whom died some years before the events with which this case is concerned. On October 9, 1941, the grantor's three living children, all adults and married, were two sons and a daughter. The sons were Frank Urban, the plaintiff's testate, and Rudolf S. Urban, the defendant. The daughter was Marie Endrich. Rudolf and Marie had children, whereas Frank was childless. On that date the grantor by warranty deed conveyed to the defendant certain real estate in the town of Essex comprising four acres, more or less, and a six-room house thereon, reserving to herself life use. The deed contained the following provision now in controversy: "It is a part of the consideration of this deed that the said Rudolf S. Urban shall pay to my daughter, Marie Endrich, One Thousand (1000) Dollars, without interest, and to my son, Frank Urban, One Thousand (1000) Dollars, without interest, five years after my decease, providing that part or the whole of said sums has not been paid to me during my lifetime."
The deed was prepared by Judge Thomas D. Coulter of Essex, at the direction of the grantor and the defendant. The defendant accepted delivery of the deed and had it recorded. The grantor died testate on February 28, 1945, nearly three and one-half years later. During the time intervening between the execution of the aforesaid deed and the grantor's death, the defendant did not pay to the grantor any *Page 85 
part of the moneys referred to in the aforesaid quoted provision of the deed. The plaintiff's testate died on September 19, 1948, having survived the grantor by a period of about three and one-half years, but not having lived out the full period of five years following the grantor's death. Towards the close of that five-year period the defendant paid over to his sister, Marie Endrich, $1000 pursuant to the aforesaid provision in the deed of October 9, 1941, but has refused to make a similar payment to the estate of his deceased brother Frank. Hence the litigation at bar has resulted.
It is the plaintiff's claim as executrix that there is due and owing to Frank's estate from the defendant the sum of $1000; that the fact that Frank did not live out five full years following the death of the grantor does not affect the defendant's obligation, which now runs to the estate. It is the defendant's claim that the payment of $1000 was to be made to Frank individually and not to his estate; that no right of action having accrued to Frank in his lifetime, none attaches to his estate after his death.
Certain general principles relating to the construction of deeds are worth noting: "The purpose of a deed is to transfer title." 16 Am. Jur. 559, § 217. In construing a deed the language and terms of the whole instrument must be considered in order to determine what was in the minds of the parties. See City National Bank v. Bridgeport, 109 Conn. 529,539; B. T. Harris Corporation v. Bulova,135 Conn. 356, 360. "In arriving at the intent expressed or implied in the language used, however, it is always admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence." Bartholomew
v. Muzzy, 61 Conn. 387, 393; and see Ferrigno
v. Odell, 113 Conn. 420, 424; Goodyear v. Shanahan, *Page 86 43 Conn. 204, 210; 16 Am. Jur. 531, § 168, 533, § 170. "While all clauses and words in a deed will be considered in construing it, the question is not what the parties meant to say, but the meaning of what they did say. The court cannot act on surmise as to intention or even effectuate a manifest intention where the grantor has omitted to use words required to give effect to such intention. In short, the court can neither put words into a deed which are not there nor put a construction on words directly contrary to the plain sense of them." 16 Am. Jur. 533, § 169. Lastly, "The only rule of much value is to place ourselves as near as possible in the seats which were occupied by the parties at the time the instrument was executed; then, taking it by its four corners, to read it." Walsh v. Hill, 38 Cal. 481, 487, quoted inBartholomew v. Muzzy, supra.
A reading of the controversial provision in the deed makes it clear that the grantor had three things foremost in mind when she executed the deed in question: (1) A conveyance of the fee to the defendant, subject to her life use; (2) payment of $1000 by the defendant either to her during the remainder of her life or to her daughter Marie five years after her death; and (3) a similar payment by the defendant with her son Frank as the alternative nominee or beneficiary.
The grantor was accorded an opportunity to deal with the kind of situation which has arisen because of Frank's death within five years of her own death, but did not do so. Contrary to the defendant's construction of a phrase of the testimony at the trial, Judge Coulter testified that there was no discussion at the time the deed was executed as to the effect of the gift to Marie and Frank in the event either should die within the period of five years following the death of the grantor. The provision contained in the deed clearly indicates that the grantor was not *Page 87 
intending an outright gift to the defendant free of monetary obligations. In one way or another the defendant had imposed upon him the payment of $2000 divided into two parts, with two alternative nominees or beneficiaries designated, one of whom was the plaintiff's testate. The revenue stamps affixed to the original deed are of some significance in gauging the problem as a whole.
The defendant would have it appear that the grantor was at all times concerned with keeping Urban money in the Urban family; that the fact that Frank and his wife were childless, and, if Frank died being survived by a widow, the thought of such widow coming into Urban money was distressing to the grantor; and that if the defendant were to pay $1000 to Frank's estate, his widow, who is the sole beneficiary under Frank's will, would reap the harvest of Urban money so as to cause the grantor to perform the proverbial "rolling over" in the grave. Actually these aspects, in the nature of arguments, do not lend support to the defendant's position. The short and decisive comment is that the grantor had an opportunity by appropriate language in the deed to cut off Frank's estate in the event of his death within the five-year period of her own death, thus limiting the gift to a purely personal basis, but did not do so. Surely this circumstance should be accorded some importance on the question of intention. In her last will executed on November 4, 1943, the grantor had another opportunity to forego in the defendant's favor the $1000 in question if Frank did not live out the five-year period, but did not do so.
The parties hereto apparently are in agreement that the defendant is the absolute owner of the fee to the real estate which is the subject of the deed of October 9, 1941. Their contest concerns the legal obligation of the defendant to pay to the plaintiff as *Page 88 
executrix the sum of $1000 under the aforesaid provision in that deed. This is the issue. The defendant concedes the obligation of payment if Frank had lived for five years following the grantor's death, but claims that the obligation came to an end with Frank's death within that period. The application and nonapplication of the survivorship statute (General Statutes § 8337) has been argued by both parties, the plaintiff taking the affirmative and the defendant the negative.
It is the court's considered opinion that upon the death of the grantor on February 28, 1945, Frank Urban immediately had a vested right to the sum of $1000 under the aforesaid provision of the deed of October 9, 1941, such money not having been paid by the defendant to the grantor in her lifetime, with postponement only of payment for a period of five years. Accordingly, his death within that period did not destroy a right to the money which had already vested in him. Hence the obligation of the defendant to Frank was transmitted to his estate and continued due and payable five years after the grantor's death, notwithstanding the fact that Frank had died within that period.
"It is a well settled rule of construction that a legacy given to a person or class, to be paid or divided at a future time, takes effect in point of right on the death of the testator. In such case the contingency attaches, not to the substance of the gift, but to the time of payment. And where words are equivocal, leaving it in doubt whether the words of contingency or condition apply to the gift itself or the time of payment, courts are inclined to construe them as applying to the time of payment, and to hold the gift as vested rather than contingent."Dale v. White, 33 Conn. 294, 296; Bridgeport CityTrust Co. v. Shaw, 115 Conn. 269, 276; Budington v.Houck, 134 Conn. 72, 75. *Page 89 
while there are certain basic distinctions between the operation and scope of a will and a deed, such distinctions do not affect the search for the intention of the maker of the instrument. The foregoing quoted rule is not without significance when applied to the construction of the controversial provision in the deed in question. The grantor had resorted to language testamentary in nature but contractual in obligation imposed. Applying the rule quoted in conjunction with the general principles relating to the construction of deeds, stated hereinbefore, the plaintiff's position is sustainable. The comments of the court in the nature of conclusions, stated in the next to the last preceding paragraph, are deemed to be supported in law and decisive of the case.
 Judgment is required to be entered in favor of the plaintiff executrix. Damages are awarded in the amount of $1000 with interest of 6 per cent per annum from February 28, 1950, to date hereof. Such allowance of interest is approximately $127 and brings total damages awarded to the amount of $1127. Costs to the plaintiff as a further incident of the judgment.