THE HANOVER BANK, TRUSTEE *v.* ALEEN L. LAMM ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 101906

Memorandum filed October 8, 1957

*Maguire & Cole,* of Stamford, for the plaintiff.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, for the state of Connecticut.

Covello, J.  Robert B. Hirsch, a resident of Stamford, died on September 23, 1924, leaving a will dated February 28, 1917, and two codicils dated January 22, 1918, and January 23, 1919, respectively.  Said will and codicils were first proved and established in the Surrogate's Court of the county of New York on January 25, 1925.  The records proving and establishing the will and codicils were filed and recorded in the Probate Court for the district of Stamford, which court issued letters testamentary to the qualified executors of said will and codicils.  Under the third clause of the will the testator created a trust for the benefit of Harriet O. Lassner, her daughter Aleen and the children of Aleen.  In the sixth clause of the will the testator created a trust for the benefit of Marcelle Humbert, Clothilde Hum-

bert and the children of Marcelle Humbert. In the ninth clause of the will the testator created a trust for the benefit of Lottie O. Rouff and her issue. Each of said trusts contained provisions to the effect that in the event the last beneficiary named in the trust died without leaving issue the principal of the trust shall become part of the residuary estate and the same is to be disposed of in accordance with paragraph fourteenth of the will.

The residue of the estate which is to be distributed in accordance with paragraph fourteenth of the will is left in trust for charitable purposes. Under the third clause of the will the trustees are directed to hold the trust amounts in trust to invest the same "as directed" in paragraph fifteenth of the will. The testator directed that the trustees are to invest the trust funds provided for in the sixth and ninth clauses of the will "as provided" in paragraph fifteenth of the will. Paragraph fifteenth of the will provides: "I hereby authorize and empower the trustees of any and all funds mentioned in this will to invest said trust funds in . . . ." The investments designated under paragraph fifteenth of the will are (1) United States government bonds; (2) first mortgages upon improved real estate in Connecticut or New York not in excess of two-thirds of the value of the mortgaged premises; (3) such securities as savings banks of the states of Connecticut and New York, or of either state, "may at the time of such investments be authorized to invest their funds [in]"; (4) first mortgage bonds of any corporation that has met interest requirements of any junior mortgage and has paid dividends for a period of at least five years.

Assets of the value of $314,820 were placed in trust under the third clause of the will and $12,500 and $10,000 were placed in the trusts established under the sixth and ninth clauses of the will, respec-

tively. Each of the three trusts is being administered in the state of Connecticut.

The plaintiff as the trustee of each of the three trusts is seeking a judgment construing these trusts so as to permit the trustee to make investments in accordance with § 2910d of the 1955 Cumulative Supplement to the General Statutes (as amended, Public Acts 1957, No. 486), and in the event that this court construes paragraph fifteenth of the will as not permitting investments in accordance with said section, it seeks permission from the court to deviate from the terms of the trust and invest the principal of the fund in investments permitted under § 2910d, which provides for the manner in which trust funds may be invested unless otherwise provided in the instrument creating the trust.

The controlling factor in the interpretation of a will is the intent of the testator as disclosed by the language of the will. *Budington* v. *Houck,* 134 Conn. 72, 76; *Bridgeport-City Trust Co.* v. *Buchtenkirk,* 143 Conn. 531, 542. An examination of the will as a whole evinces a clear intent on the part of the testator to limit the field of investments in which the principal of the various trusts created therein may be invested. The testator, in paragraph fifteenth of the will, not only provided for the investments which the trustees might make but with each trust there is a provision that the trust estate be invested "as directed" in paragraph fifteenth or "as in paragraph fifteenth provided." The direction of the testator as to the investments which the trustee may make is clear and unambiguous and that direction must be followed in the investment of funds constituting the principal of the trusts.

The plaintiff in this action asks that if the court rules that the trustee is limited by the terms of the will to the investments mentioned in paragraph fif-

teenth of the will, then the court should exercise its power to permit or direct the trustee to deviate from the terms of the trust and to invest the trust estate in investments which are legal for trustees under § 2910d. In support of this request the plaintiff urges that investments of the character specified in paragraph fifteenth of the will are difficult to find; that present economic conditions are such that investments in equities are more likely to enhance the value of the trust; that the value of the dollar has greatly depreciated; and that investment of the trust estate in the securities which are legal investments for trustees under § 2910d will result in a larger return to the beneficiaries of the income of the trusts. The court will direct or permit a trustee to deviate from a term of a trust if owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purpose of the trust; and in such a case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust. *Rogers* v. *English,* 130 Conn. 332, 335. The nature of the authority given trustees under this principle should be most carefully and sparingly used and it is to be borne in m ` id that it is the necessity of the situation which brings it into operation, not the mere fact that thereby the estate may be administered in a way which will be more advantageous to its beneficiaries. *Russell* v. *Russell,* 109 Conn. 187, 198. There is nothing in the will creating the trusts, nor has any fact been brought to the attention of the court, that indicates that compliance with paragraph fifteenth of the will is likely to defeat or substantially impair the accomplishm. of the purpose of the trusts. The beneficiaries of the trusts were not related to the testator. There was no obligation resting upon him

to provide for their support, nor is there an intent on his part that the income of the trusts is to be adequate for their support. Consequently, no reason exists which would justify the court in permitting the trustee to deviate from the requirements of paragraph fifteenth of the will.

Judgment may enter declaring that the plaintiff as trustee of the trusts created under articles third, sixth and ninth of the will of Robert B. Hirsch must invest the trust funds belonging to said trusts in the investments authorized in paragraph fifteenth of the will of Robert B. Hirsch.

The application of the plaintiff as trustee of the aforementioned trusts to deviate from the terms of said will and to invest the funds of said trusts in accordance with the provisions of § 2910d of the 1955 Cumulative Supplement to the General Statutes of Connecticut is denied.

The following sums are allowed to Maguire and Cole, attorneys for the plaintiff, for services and reimbursement for expenses in connection with this proceeding: Services, $1500; disbursements, $423.67; total, $1923.67.